IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM SELTZER, JR.,              :

    Plaintiff,                    :

vs.                               :   CIVIL ACTION 07-0391-KD-M

JUDGE TOMMY FIGURES,               :

    Defendant.                    :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   <u>Complaint (Doc. 1)</u>.

Plaintiff's Complaint is lacking in facts that would provide a clear description of his claim.  Due to this lack of information, the Complaint is nebulous.  Notwithstanding the Complaint's overall vagueness, Plaintiff is specific in his allegation directed to Defendant Figures, i.e., Defendant Figures ordered a $500 bond for each of his five traffic offenses when Plaintiff was already on a signature bond.  The remaining

allegations, which are the majority of the allegations, are not connected to Defendant Figures and do not appear to present a constitutional claim. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)(finding that a causal connection must be establish between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action). Even according Plaintiff's allegations a liberal construction, the Court cannot attribute them to Defendant Figures due to the lack information that would show a connection to Defendant Figures and that he violated a constitutional right of Plaintiff based on these other allegations. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (a *pro se* plaintiff's are held to a more lenient standard than the allegations of an attorney).

Plaintiff complains that his Fourth Amendment rights were violated by the sole Defendant, Judge Tommy Figures, when he required Plaintiff to post an allegedly excessive bond, $500 for each of the five traffic offenses, when Plaintiff was already on a signature bond.[1] Plaintiff further alleges that he was to be

---

[1]In the present action, Plaintiff does not identify his traffic offenses. However, in Plaintiff's other action in this Court, *Seltzer v. Mobile City Police Dept.,* CA 07-0383-WS-M, he stated that he received tickets for three traffic violations, namely, driving with a suspended license, operating a vehicle without use of a seat belt, and driving with an improper tag. That action has been recommended for dismissal as frivolous.

tried on January 18, 2007, in Mobile Municipal Court, but his case was combined with another case of his, and the trial was rescheduled for March 15, 2007.  This trial was continued to April 3, 2007.  At trial, the case that was tried was not the originally scheduled case because the originally scheduled case was a circuit court case.  On March 13, 2007, Plaintiff was taken into Judge McKnight's courtroom on another charge for leaving the scene of an accident.  For relief, Plaintiff seeks to have Defendant Figures relieved of his position and to receive compensation for each day of lost wages.

II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis* and was in jail when he filed this action, the Court is reviewing Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001); *Brown v. Bargery,* 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

right that clearly does not exist.  *Id.* at 327, 109 S.Ct. at

1833.  Judges are accorded "not only the authority to dismiss [as

frivolous] a claim based on indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual

contentions are clearly baseless."  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim upon which relief

may be granted "only if it is clear that no relief could be

granted under any set of facts that could be proved consistent

with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69,

73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); *see Mitchell

v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that §

1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P.

12(b)(6))).  To avoid dismissal for failure to state a claim upon

which relief can be granted, the allegations must show

plausibility.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

1966 (2007).  "Factual allegations must be enough to raise a

right to relief above the speculative level[.]"  *Id.* at 1965.

That is, the allegations must be a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled

to relief.'"  *Id.* at 1966 (second brackets in original).

"[L]abels and conclusions and a formulaic recitation of a cause

of action's elements" are insufficient for grounds for

entitlement to relief.  *Id.* at 1965.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, ___, 127 S.Ct. 910, 920-21 (2007).

III.  <u>Discussion</u>.

In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 357, 362, 98 S.Ct. 1099 (1978) (quotation omitted); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983).  A judge is entitled to this immunity even though his action "was in error, was done maliciously, or was in excess of [his] authority."  *Stump*, 435 U.S. at 356, 98 S.Ct at 1105.  Absolute judicial immunity ensures "'that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself,'" *id.* at 355, 98 S.Ct. at 1104 (quotation omitted), which is a "'principle of the highest importance to the proper administration of justice[.]'"  *Id.*

Defendant Figures is alleged to be a judge for the Municipal Court of the City of Mobile, Alabama.  Plaintiff dealt with

Defendant Figures in his judicial capacity because the setting of a bond in each of Plaintiff's traffic offense cases arose from Plaintiff's contact with him in judicial proceedings.  Moreover, the setting of a bond is a typical judicial act.

The setting of bonds in Plaintiff's traffic offense cases was within Defendant Figures' jurisdiction.  ALA.R.CRIM.P 2.2(b)(2002) ("All misdemeanor offenses (including an indictment charging a traffic infraction) shall be prosecuted originally in district court or, where adopted as municipal ordinance violations, municipal court[.]"); ALA. CODE § 12-12-32(a)(1) (1975) ("The district court shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors, except: (1) Prosecutions by municipalities having municipal courts[.]"); ALA. CODE § 12-14-1(b) (1975)("The municipal court shall have jurisdiction of all prosecutions for the breach of the ordinances of the municipality [and] shall have concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances."); ALA. CODE § 12-14-5 (1975) ("Municipal judges shall admit to bail any person charged with violation of any municipal ordinance by requiring an appearance bond . . . in an amount not to exceed $1,000.00[.]"); *see Wilkins v. Dan Haggerty & Assoc., Inc.,* 672 So.2d 507, 508

6

(Ala. 1995) (municipal judges in the City of Mobile generally handle traffic offenses); ALA. CODE § 11-44C-92 (1985) (the city of Mobile is a municipality); *cf*. ALA. CODE § 12-14-50 (1975) (municipal court may set up an administrative agency for the purpose of "accounting uniform traffic tickets or complaints").

Thus, it is clear that Defendant Figures was acting in his judicial capacity in his dealings with Plaintiff and within his jurisdiction as a municipal court judge.  Defendant Figures is, therefore, entitled to absolute judicial immunity from any damages claims.  *Simmons*, 86 F.3d at 1084-85.  The fact that Plaintiff takes issue with the correctness of Defendant Figures' imposition of a cash bond when Plaintiff was already released on a signature bond does not deprive Defendant Figures of absolute judicial immunity from damages.  One of the reasons for judicial immunity is to allow a judge to exercise his authority without apprehension of consequences to himself such as a lawsuit.  *Stump*, 435 U.S. at 364, 98 S.Ct. at 1108.  Accordingly, Plaintiff's damages claims against Defendant Figures are frivolous.

Not only did Plaintiff ask for damages, but he also asked that Defendant Figures be "release[d] from duty."  The Court construes this request to be a request to have Defendant Figures discharged from his position.  Injunctive relief of this nature is not available to Plaintiff in this action.  The Court does not

7

have the "authority to address state officials out of office or to fire state employees." *Newman v. Alabama,* 559 F.2d 283, 288 (5th Cir.),[3] *cert. denied*, 438 U.S. 915 (1978).  Removal of a city judge is governed by state law.  ALA. CODE § 11-43-160 (1975) (removal may be had, after hearing, by the appointing officer or by two-thirds vote of the city council); *Persons v. Summers,* 151 So.2d 210, 213 (Ala. 1963).  Thus, Plaintiff's injunctive relief request is frivolous.

IV.  <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a

_____

[3]The Eleventh Circuit in *Bonner v City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of August, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE